UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN BALLAS,<br><br>          Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS, a<br>California corporation,<br><br>          Defendant. | 2:07-cv-356-GEB-DAD<br><br>ORDER |

        On July 20, 2007, the parties filed a Stipulation for Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) and an Order Thereon.  The "Order" portion of the Stipulation states in pertinent part that "[t]he court shall retain jurisdiction to enforce the terms of the settlement."  The parties erroneously assume the court will retain jurisdiction over "terms of [a] settlement" which it has not seen.  "[T]he mere fact that the parties agree that the court [shall retain] jurisdiction [over their settlement] is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996).

        However, regardless of whether the parties' Stipulation was intended to be conditional upon the court's retention of jurisdiction

1

over their settlement, since the parties have settled this action and seek to dismiss it with prejudice, this action is dismissed with prejudice, and the Clerk of the Court is directed to close this action. See, e.g., Oswalt v. Scripto, Inc., 616 F.2d 191, 194-95 (5th Cir. 1980) (finding dismissal appropriate under Federal Rule of Civil Procedure 41(a)(1) "even though there was no formal [Rule 41(a)(1)] dismissal or stipulation filed with the clerk" since the parties' representations were tantamount to a stipulated dismissal).

IT IS SO ORDERED.

Dated: July 24, 2007

GARLAND E. BURRELL, JR.
United States District Judge